**Ernest R. ELLIS, Sr., Claimant–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2006–7174.

United States Court of Appeals, Federal Circuit.

Aug. 21, 2006.

Ernest R. Ellis, Sr. pro se.

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

PER CURIAM.

### ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Ernest R. Ellis, Sr.'s appeal from the Court of Appeals for Veterans Claims' judgment in *Ellis v. Nicholson*, 05–2570, for lack of jurisdiction. Ellis moves for a default judgment.

---

Ellis filed a petition for extraordinary relief in the nature of mandamus with the United States Court of Appeals for Veterans Claims, asserting that he had not been fully paid for past due benefits. The Court of Appeals for Veterans Claims calculated the amounts due to Ellis and paid to Ellis and denied the petition. Ellis appeals.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Ellis's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. In his informal brief, Ellis argues that the Secretary did not prove that he had received payment. This is a challenge to a factual determination and is thus outside of our jurisdiction. Ellis also argues that he should have received more benefits because a statute, 38 U.S.C. § 1115(1)(F), provides additional compensation for a child who has attained the age of eighteen years and is pursuing a course of instruction at an approved educational institution. The Court of Appeals for Veterans Claims held that that statute did not apply because Ellis's children were not eighteen during the period for which Ellis received the award for past due benefits. Thus, Ellis's challenge constitutes a challenge to the law as applied to the facts of his particular case and is not within our jurisdiction. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Ellis's motion is denied.

(4) Each side shall bear its own costs.